IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| LARRY WAYNE JONES, ADC #70147 | | PLAINTIFF |
| v. | No. 5:09CV00157 JLH-JJV | |
| RAY HOBBS, Chief Deputy Director, Arkansas Department of Correction; CHARLES FREYDER, Chaplain, Varner Unit, Arkansas Department of Correction; GRANT HARRIS, Warden; DARRYL GOLDEN, Assistant Warden, Varner Unit, Arkansas Department of Correction; and SHERRY CONRAD, Mail Room Supervisor, Varner Unit, Arkansas Department of Correction | | DEFENDANTS |

## ORDER

The Court has reviewed the proposed findings and recommended partial disposition submitted by United States Magistrate Judge Joe J. Volpe, as well as the objections filed by Larry Wayne Jones. The Court has made a *de novo* review of the record, which has included listening to the audio recording of the pre-jury hearing. For the reasons stated hereinafter, the proposed findings and recommended partial disposition submitted by Magistrate Judge Volpe are adopted as this Court's findings.

The first amended complaint filed by Jones alleges two counts. The first count is entitled "religious claims" and alleges that defendants Ray Hobbs, Grant Harris, and Charles Freyder[1] violated his constitutional rights and his rights under the Religious Land Use and Institutionalized Persons Act depriving him of a special religious diet. The second count is entitled "free speech claims" and alleges that defendants Darryl Golden, Sherry Conrad, and Grant Harris deprived him

---

[1] Jones also named Yolanda Clark as a defendant but later voluntarily dismissed his claims against her.

of the 2008 edition of the Georgetown Law Journal in violation of the First Amendment to the United States Constitution.

The defendants filed a motion for summary judgment arguing that the complaint fails to state a claim upon which can be granted; plaintiff's claims are barred by qualified and sovereign immunity; plaintiff's claims under the Religious Land Use and Institutionalized Persons Act for money damages is barred because congress enacted the legislation under the spending clause and therefore did not authorize claims for damages; and the plaintiff impermissibly attempts to base liability on the theory of respondeat superior.  Magistrate Judge Volpe held a pre-jury hearing at which the defendants requested an opportunity to supplement their motion for summary judgment and argue that certain claims were barred because Jones did not exhaust his administrative remedies. Magistrate Judge Volpe granted that request.  The defendants then filed a supplement to their motion for summary judgment arguing that certain claims were barred because Jones failed to exhaust his administrative remedies.  Jones moved to strike the exhaustion defense.  Magistrate Judge Volpe then recommended that Jones's First Amendment religious exercise claims against Golden and Harris be dismissed without prejudice for failure to exhaust administrative remedies; the defendants' motion for summary judgment be denied in part and Jones be allowed to proceed against Hobbs and Freyder on his First Amendment religious exercise claims; that the motion for summary judgment be granted with respect to Jones's claims under the Religious Land Use and Institutionalized Persons Act; that Jones's claims for violation of his First Amendment right of access to the courts be dismissed with prejudice; and that Jones's motion to strike be denied as moot.  Jones has objected to the proposed findings and recommended partial disposition.

Although Magistrate Judge Volpe did not address the portion of the defendants' motion for summary judgment in which they argued that Jones's claims are barred by qualified immunity, the defendants have not objected to the proposed findings and recommended partial disposition.

Therefore, the Court makes no determination as to whether the motion for summary judgment should have been granted with respect to the defendants' claims of qualified immunity. The Court will address only the objections raised by Jones.

Jones first objects that Magistrate Judge Volpe erred in allowing the defendants to assert an affirmative defense of failure to exhaust administrative remedies in an untimely fashion. The defendants raised the affirmative defense of failure to exhaust administrative remedies in their answer to the original complaint. Thereafter, Magistrate Judge Volpe established a scheduling order, which was amended in a subsequent order, setting a deadline for dispositive motions. Defendants filed a motion for summary judgment in accordance with the scheduling order but did not include in their motion for summary judgment an argument pertaining to failure to exhaust administrative remedies. Magistrate Judge Volpe held a pre-jury hearing at which Jones spontaneously mentioned the parties against whom he had exhausted his administrative remedies, after which questions were asked of him regarding what claims had been exhausted and what claims had not been exhausted. At the end of the hearing, the Assistant Attorney General representing the defendants requested an opportunity to supplement the motion for summary judgment in light of information pertaining to failure to exhaust administrative remedies that had been developed at the hearing. Magistrate Judge Volpe granted the request, stated a new deadline for a supplement to the motion for summary judgment and stated a deadline for Jones to file his response to any supplement.

Jones argues that Magistrate Judge Volpe erred in allowing the supplement to the motion for summary judgment, but that argument is without merit. Magistrate Judge Volpe established a scheduling order, and he had the authority to amend the scheduling order. Counsel for the defendants made an oral request for an opportunity to file a supplement to the motion for summary judgment, and Magistrate Judge Volpe granted that oral request. His granting of that oral request was tantamount to an amendment to the scheduling order. That action was well within his authority

and was not prejudicial to Jones in any way.  Had the defense not raised the issue in, it still could have raised the issue at trial.  The purpose of the pre-jury hearing is to ensure that there are factual disputes that need to be tried before a jury.  There is no dispute regarding the facts pertaining to which claims were exhausted by Jones and which claims were not exhausted by Jones.  It would have been a waste of time to allow the unexhausted claims to go to trial.  The objection that Magistrate Judge Volpe permitted the defendants to assert an untimely affirmative defense is without merit.

Jones next objects that Magistrate Judge Volpe erroneously characterized his First Amendment claim for his failure to receive a Georgetown Law Journal for a period of four months.  Magistrate Judge Volpe characterized this claim as a "First Amendment access to courts" claim and ruled that Jones failed to state a claim upon which relief could be granted because Jones failed to show that he suffered actual injury.  Jones argues that he has never asserted an access to courts claim and therefore Magistrate Judge Volpe erred in so characterizing the claim.  The undisputed facts establish that pursuant to policy of the Arkansas Department of Correction the issue of the Georgetown Law Journal that Jones ordered was withheld for security reasons and Jones was notified that he would have to show that he was in litigation in order to receive the journal.  Jones presented information to show that he was in litigation, and then the journal was provided to him.  Although Jones did not characterize his claim as a claim of a denial of his right to access to the courts, Magistrate Judge Volpe reasonably characterized his claim in that manner.  Otherwise, Jones has no First Amendment claim at all regarding the delay in the delivery of the issue of the Georgetown Law Journal that he ordered.  Jones contends that the characterization of the claim was mistaken, but he does not cite any authority for the proposition that the delay in allowing him to have the Georgetown Law Journal was a violation of his rights under the First and Fourteenth Amendments.  It appears that Magistrate Judge Volpe viewed the pleadings in the light most

favorable to Jones and gave Jones the benefit of the doubt in construing his claim as a claim that his First Amendment right to access to the courts had been violated.

Finally, Jones argues that Magistrate Judge Volpe erred in dismissing his religious discrimination claim under the Fourteenth Amendment.  The only freedom of religion claim that Magistrate Judge Volpe said should be dismissed is Jones's claim under the Religious Land Use and Institutionalized Persons Act of 2000, which Magistrate Judge Volpe said should be dismissed because the act does not authorize claims for damages.  In his objections to the proposed findings and recommendations, Jones has stated that he does not object to Magistrate Judge Volpe's proposed recommended disposition of his claims under the Religious Land Use and Institutionalized Persons Act.  Document #77, p. 3.  To the extent that Jones's claim of religious discrimination based upon the failure of the defendants to provide him with a diet that he claims his religion requires, Magistrate Judge Volpe did not recommend that that claim be dismissed, and any such claim is not being dismissed.

For these reasons, Jones's objections to the proposed findings and recommended partial disposition are overruled.  It is ORDERED that:

1.Jones's First Amendment religious exercise claims against defendants Golden and Harris be DISMISSED without prejudice for failure to exhaust administrative remedies;

2.Defendants' motion for summary judgment (Document #40) be DENIED IN PART, and that Jones should be allowed to proceed against defendants Hobbs and Freyder with his First Amendment religious exercise claim;

3.Defendants' motion for summary judgment (Document #40) be GRANTED IN PART with regard to Jones's RLUIPA claims;

4.Jones's claims for violation of his First Amendment rights of access to the courts be DISMISSED with prejudice;

5.Jones's motion to strike (Document #71) should be DENIED AS MOOT; and

6.The individual capacity claims against defendants Hobbs and Freyder for violation of Jones's First Amendment rights for the deprivation of his religious diet for approximately sixteen months should proceed and all other claims and defendants should be DISMISSED.

IT IS SO ORDERED this 1st day of October, 2010.

*/s/ J. Leon Holmes*
_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE