**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

LARRY WAYNE JONES,                                                                    PLAINTIFF
ADC # 70147

v.                                              No. 5:09CV00157 JLH-JJV

RAY HOBBS, Chief Deputy Director,
Arkansas Department of Correction; and
CHARLES FREYDER, Chaplain, Varner Unit,
Arkansas Department of Correction                                            DEFENDANTS

**ORDER**

Larry Wayne Jones has filed a motion *in limine* seeking to exclude from evidence or any admission at trial certain matters.

First, Jones moves *in limine* to preclude the defendants from introducing any evidence or argument regarding his convictions or the length of his sentence.  The defendants respond by stating that they do not intend to solicit testimony regarding Jones' criminal conviction or the length of his prison sentence unless Jones or a witness testifies falsely regarding that matter.  Without objection, the motion *in limine* is granted on the issue of Jones' criminal convictions and the length of his sentence.

Jones next moves *in limine* to preclude the defendants from introducing any evidence or making any argument regarding his disciplinary history.  The defendants respond that they do not intend to introduce any documentation regarding Jones' disciplinary history in their case-in-chief but may use that information for impeachment or other purposes if Jones opens the door and if such evidence becomes relevant under the Federal Rules of Evidence.  The motion *in limine* is denied on this point.  Should the defendants seek to introduce any evidence regarding Jones' disciplinary

history, however, they should ask for a bench conference so that the matter can be discussed outside the hearing of the jury.

Jones next moves *in limine* to exclude any evidence regarding a previous lawsuit that he filed arguing that he was deprived of a special religious diet based on different religious beliefs. The motion *in limine* is denied on that point. Evidence that Jones has previously brought an action arguing that he was entitled to a special religious diet based on different religious beliefs is relevant to the issue of whether his religious beliefs are sincerely held.

Jones next moves *in limine* to preclude the defendants from referring to his religion in a derogatory or negative manner and from introducing evidence regarding his religious beliefs that are unrelated to dietary issues. That portion of Jones' motion *in limine* is granted in part and denied in part. The defendants will not be permitted to make pejorative comments regarding Jones' religion. Whether his religious beliefs are sincerely held, however, is an issue that the jury must decide, and it cannot decide that issue without some information about what his religious beliefs are. Therefore, the motion *in limine* is denied to the extent that it seeks to preclude the defendants from introducing evidence of Jones' religious beliefs other than as to dietary issues.

Finally, Jones moves *in limine* to prevent the defendants from referring to him as an inmate, a prisoner, or any other derogatory term. The motion *in limine* is denied insofar as it seeks to preclude the defendants from referring to Jones as an inmate or a prisoner and granted insofar as it seeks to preclude reference to him in a pejorative manner. While the defendants have stated that they have every intention of referring to plaintiff as Mr. Jones, which is the normal custom and practice, and is what the Court expects; nevertheless, the issues in the case require the jury to know that Jones

is an inmate or a prisoner, and there is no way to try this case without sometimes making reference to the fact that he is an inmate or a prisoner.

For the reasons stated, the motion *in limine* is granted in part and denied in part.  Document #116.

IT IS SO ORDERED this 24th day of August, 2012.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE